## HENRY WALKER V. THE STATE.

### No. 11760. Delivered May 16, 1928.

**1.—Theft of Automobile—Charge of Court—On Circumstantial Evidence—Erroneously Omitted.**

Where the state, on a trial for theft of an automobile, relied for a conviction upon the recent possession of the stolen car by appellant, the court should have charged on circumstantial evidence. Authorities are so numerous upon the proposition that where possession of recently stolen property is relied upon for a conviction, the same is a case of circumstantial evidence, that it would seem unnecessary to cite same.

**2.—Same—Evidence—Acts of Officer—Declarations of Defendant—Properly Admitted.**

There was no error, on a trial for theft of an automobile, to permit an officer to testify that he received a telephone message from Fort Worth, without stating the contents of such message, and thereafter found appellant in possession of the stolen car, and to statements made by appellant in explanation of his possession. See Holmes v. State, 32 Tex. Crim. Rep. 361, and other cases cited.

Appeal from the District Court of Tom Green County. Tried below before the Hon. J. F. Sutton, Judge.

Appeal from a conviction for theft of an automobile, penalty five years in the penitentiary.

The opinion states the case.

*W. A. Anderson* and *W. O. Johnson* of San Angelo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for theft of an automobile, punishment five years in the penitentiary.

The court did not instruct the jury upon the law of circumstantial evidence. The charge was excepted to for such failure. In our opinion the case is clearly one resting entirely upon evidence of that character. The automobile in question was

taken from the possession of its owner in San Angelo on April 15. It was registered in the office of the Tax Collector of Sutton County, either that day or the next by one Girvin who gave the name E. L. Johnson. The alleged stolen car was found in Fort Worth about April 21, in the possession of appellant. He told parties who found him in the possession thereof that his name was S. B. Jenkins, and exhibited to them a bill of sale purporting to have been made at San Angelo on April 16 and executed by one E. L. Johnson, conveying the car to S. B. Jenkins. The state relied entirely upon the fact of possession on the part of appellant, together with other circumstances, for conviction. Authorities are so numerous upon the proposition that when possession of recently stolen property is relied upon for conviction, the case is one of circumstantial evidence, that it would seem unnecessary to cite same.

In view of the fact that the case must be reversed for failure of the court to submit the case upon the law of circumstantial evidence, we deem it proper to say that, in our opinion, the court committed no error in submitting the case to the jury upon the law of principals. There was testimony on the part of officers of Sutton County, where the alleged stolen automobile was registered and a license number obtained, that the party so registering said car was not appellant, but was one Girvin who gave them the name of Johnson. The testimony further indicating that Girvin, alias Johnson, executed the bill of sale purporting to convey the car in question to appellant on the 16th of April, the day after it was stolen, this might tend to support the issue of a joint theft by appellant and Girvin.

We think it not error for the court to allow in evidence the fact that Traffic Officer Hecker received a telephone message in Fort Worth, and that following the reception of same Mr. Hecker found the car in question at an automobile dealer's place in said city. The contents of the telephone message were not stated. We also believe it proper for Mr. Hecker to be allowed to testify that he found appellant driving the car in question, and that when appellant was asked whose car it was he replied that it was his and exhibited the bill of sale dated April 16, signed by E. L. Johnson, conveying the car to S. B. Jenkins. We also think that it was permissible for Mr. Hecker to testify that appellant told him his name was Jenkins. Holmes v. State, 32 Tex. Crim. Rep. 361; Purdy v. State, 50 Tex. Crim. Rep. 320; Stayton v. State, 32 Tex. Crim. Rep. 34; Boyett v. State, 26 Tex. Crim. App. 705; Norsworthy v. State, 45 Tex. Crim. Rep. 340; Gregory v. State, 50 Tex. Crim. Rep. 76; Hilcher v. State, 60 Tex. Crim. Rep. 180.

For the error of the court in not submitting the case to the jury upon the law of circumstantial evidence, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*